UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JASON DOVE,                          )<br>                                                   )<br>            Plaintiff,                       )<br>                                                   )<br>v.                                               )<br>                                                   )<br>DEKALB COUNTY SHERIFF   )<br>DONALD LAUER, QUALITY   )<br>CORRECTIONAL CARE, LLC, )<br>and NURSE BLAIR LIPSEY,   )<br>                                                   )<br>            Defendants.                  ) | Case No. 1:16-cv-413-JTM-SLC |

**PLAINTIFF'S FIRST AMENDED COMPLAINT AND JURY DEMAND**

Plaintiff, Mr. Jason Dove, alleges as follows against Defendants, DeKalb County Sheriff Donald Lauer, Quality Correctional Care, LLC, and Nurse Blair:

**I. NATURE OF ACTION**

1. Rather than provide Mr. Dove with mental health care while he was incarcerated in the DeKalb County Jail in 2015, Defendants forcibly medicated him with a prescription they knew would drive him into a psychotic and suicidal state.

2. This is an action brought against Defendants for their outrageous acts, omissions, and policies conducted in violation of the United States Constitution, federal disability law, and the laws and public policies of the State of Indiana.  Plaintiff claims that he was denied adequate medical care by the Defendants, and each of them, in violation of the Eighth and Fourteenth Amendments of the United States Constitution as actionable through 42 U.S.C § 1983.

## II. PARTIES

3. Plaintiff is Jason Dove.

    a. Mr. Dove is a former inmate of the DeKalb County Jail. Mr. Dove is currently a resident of the State of West Virginia.

    b. Mr. Dove suffers from mental disabilities including bipolar disorder. Mr. Dove is a qualified individual within the meaning of Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794a ("Section 504") and Title II of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12133 ("ADA") due to mental impairments substantially limiting the operation of his neurological and brain functions and major life activities including thinking and caring for himself. 42 U.S.C. §§ 12102(2), 12131(2).

4. Defendant is DeKalb County Sheriff Donald Lauer ("Sheriff").

    a. Defendant Sheriff is named in its official capacity for purposes of Mr. Dove's constitutional and disability rights claims and in his representative capacity for purposes of Mr. Dove's tort claims. Defendant Sheriff operates the DeKalb County Jail and employed DeKalb County Sheriff's Department employees at all times relevant to this action. Defendant Sheriff is responsible for the policies, customs, procedures, and practices (or admissions thereof) for ensuring that the inmates at the DeKalb County Jail are provided adequate medical care for their serious medical conditions. Defendant Sheriff is also responsible for training his employees and subordinates to provide adequate medical care to the inmates. Defendant Sheriff is liable to the Plaintiff for violating Plaintiff's constitutional right to adequate medical care pursuant to 42 U.S.C § 1983.

USDC IN/ND case 1:16-cv-00413-JTM-SLC   document 17-1   filed 01/18/17   page 3 of 8

    b. Defendant Sheriff's Department is a public entity within the meaning of the ADA, 42 U.S.C. § 12131(1), 28 C.F.R. § 35.104, and is subject to Title II of the ADA and its implementing regulations. Defendant Sheriff's Department is a recipient of federal financial assistance within the meaning of Section 504, 29 U.S.C. § 794; 28 C.F.R. 42.540(e)-(f), and operates services, programs, or activities within the meaning of Title II and Section 504.

5. Defendant is Quality Correctional Care, LLC ("Quality").

    a. Defendant Quality is a for-profit contractor of Defendant Sheriff. Defendant Quality is named for purposes of all Mr. Dove's claims. While Defendant Quality Correctional Care is named as a Defendant herein, at all times Defendant DeKalb County Sheriff had a non-delegable duty to provide adequate medical care to the Plaintiff.

    b. Defendant Quality at all times material maintained a wrongful and discriminatory policy, practice, custom, or procedure concerning mental health care and/or failed to adequately train and/or supervise employees charged with delivering mental health services. Defendant Quality employed individual Quality employees, including Defendant Blair, at all times relevant to this action.

6. Defendants are Jane and John Doe Sheriff Officers ("Officers"). These Defendants are named in their individual capacities for purposes of Mr. Dove's constitutional and tort claims. At all times material, these Defendants acted under color of law for purposes of Mr. Dove's constitutional claims and within the scope of their employment for purposes of his tort claims.

7. Defendants are Nurse Blair Lipsey and Jane and John Doe Quality Employees

("Employees"). These Defendants are named in their individual capacities for purposes of Mr. Dove's constitutional and tort claims. At all times material, these Defendants acted under color of law for purposes of Mr. Dove's constitutional claims and within the scope of their employment for purposes of Mr. Dove's tort claims.

### III. FACTS

#### A. BACKGROUND

8. From on or about February 24, 2015 to March 23, 2015, Defendant Sheriff incarcerated Mr. Dove in the DeKalb County Jail while Mr. Dove served a sentence for a probation violation.

9. When he entered the jail, Mr. Dove notified Defendants Sheriff and Quality of his mental disabilities and requested mental health services.

10. Defendants Sheriff and Quality, however, refused to provide mental health services to Mr. Dove, including appropriate and minimal mental health counseling and medication.

#### B. FORCED MEDICATION

11. On or about March 9, 2015, Defendant Blair Lipsey ordered Mr. Dove to ingest the drug Paroxetine.

12. Mr. Dove refused to take the drug.

13. Mr. Dove made this refusal not only because Paroxetine is not a medication intended to be prescribed for bipolar disorder, but also because Mr. Dove has had adverse reactions to the drug. Mr. Dove's adverse reactions to the drug include psychosis and suicidal ideation.

14. Mr. Dove explained the reasons for his refusal to take the drug to Defendant Blair.

15. Defendant Lipsey, nevertheless, ordered Mr. Dove to take the drug. She told Mr. Dove that if he did not take the drug, Defendants would lock him in a segregated cell.

16. Defendants Sheriff and Quality provided Mr. Dove no hearing or proceeding of any kind before he was forced to take the drug.

17. Defendants Sheriff and Quality had no or inadequate procedures and safeguards for addressing an inmate's refusal of to take medication.

18. Defendants had no reasonable or legitimate penological reason for forcing Mr. Dove to take Paroxetine.

19. Fearing for his safety and wellbeing if he was isolated in segregation as threatened, Mr. Dove had no choice but to take the drug as ordered.

### C. DAMAGE OF FORCED MEDICATION

20. After being forced to take Paroxetine and until he was released from the DeKalb County Jail, Mr. Dove suffered suicidal thoughts, panic attacks, distress and anguish, psychological pain, insomnia, and terrifying hallucinations.

21. Mr. Dove reported these adverse effects to Defendant officers and employees of Defendants Sheriff and Quality. However, Defendants Sheriff and Quality and their staff took no steps to correct or mitigate the suffering they inflicted upon Mr. Dove.

22. Mr. Dove's adverse reaction to the medication was so grave that after his release in March 23, 2015, he had to admit himself into a mental health hospital.

23. On July 9, 2015, Mr. Dove filed his Notice of Tort Claim. This Notice is attached and incorporated into this complaint as Exhibit A.

### IV. CLAIMS FOR RELIEF

*DISABILITY RIGHTS CLAIMS*

SECTION 504, 29 U.S.C. § 794a & TITLE II OF THE ADA, 42 U.S.C. § 12132
(DEFENDANTS SHERIFF & QUALITY)

24. Under Section 504 of the Rehabilitation Act and Title II of the ADA, Defendants Sheriff

and Quality, as a public entities and recipients of U.S. federal financial assistance, are prohibited from discriminating against qualified individuals with disabilities by denying them the benefits and services afforded to individuals without disabilities.

25. By policy, practice, or procedure, or through their employees, based on the facts above, Defendants Sheriff and Quality as a public entities and recipients of U.S. federal financial assistance, discriminated against Mr. Dove on the basis of and because of his disabilities by denying him the benefits, programs and services afforded to individuals without disabilities.

26. As a result of the intentional, willful, and wanton wrongdoing of Defendants Sheriff and Quality, Mr. Dove suffered pain, humiliation, mental anguish, emotional distress, and other damages and injury.

*CONSTITUTIONAL RIGHTS CLAIMS*

<u>FOURTEENTH & EIGHTH AMENDMENTS TO THE U.S. CONSTITUTION</u>
(ALL DEFENDNANTS)

27. Under 42 U.S.C. § 1983 and the Fourteenth Amendment, Defendants Sheriff and Quality may not deprive inmates of a liberty interest without due process[1] and may not discriminate against inmates and deny them equal protection of laws.

28. However, based upon the facts above, Defendants Sheriff and Quality so violated Mr. Dove's rights through their policy, practice, custom, or procedure, or failure to train or supervise employees.

29. Defendants Lipsey and Does further intentionally, willfully, wantonly, and maliciously

---

[1] A jail hardship, such as unlawfully and forcibly medicating an inmate, may exceed a sentence "in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force." *Vitek v. Jones*, 445 U.S. 480, 494 (1980); *see also Washington v. Harper*, 494 U.S. 210, 221–22 (1990).

USDC IN/ND case 1:16-cv-00413-JTM-SLC   document 17-1   filed 01/18/17   page 7 of 8

discriminated against Mr. Dove by denying him due process and equal protection of laws.

30. As a result of the wrongdoing of Defendants, Mr. Dove suffered pain, mental anguish, emotional distress, and other damages and injury.

31. Under 42 U.S.C. § 1983 and the Eighth Amendment, Defendants may not subject inmates to cruel and unusual punishment through denial of adequate mental health care.

32. However, based upon the facts above, Defendants Sheriff and Quality so violated Mr. Dove' rights through policy, practice, custom, or procedure, or failure to train or supervise their employees.

33. Defendants Blair and Does further intentionally, willfully, and wantonly, based on the facts above, so violated Mr. Dove' rights.

34. As a result of the intentional wrongdoing of Defendants, Mr. Dove suffered physical injury, pain, mental anguish, emotional distress, and other damages and injury.

## TORT CLAIMS

### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS, & NEGLIGENCE
(All Defendants)

35. Based upon the facts above, Mr. Dove contends Defendants Lipsey and Does subjected him to negligent infliction of emotional distress and negligence in violation of the laws and public policies of the State of Indiana.

36. The acts and omissions were willful, wanton, malicious, and in reckless violation of Mr. Dove's rights, subjecting him to pain, humiliation, mental anguish, emotional distress, and other damages and injury.

37. Defendants Sheriff and Quality are liable for the torts of their employees who were acting within the scope of employment.

## V. PRAYER FOR RELIEF

Wherefore, Mr. Dove respectfully requests the Court grant:

A. Compensatory damages against all Defendants;

B. Punitive damages against Defendant Quality and individual Defendants for violations of constitutional law;

C. Costs and counsel fees pursuant to 29 U.S.C. § 794a(b), 42 U.S.C. § 12133, and 42 U.S.C. § 1988; and

D. All other just and proper relief.

## JURY DEMAND

Mr. Dove demands a trial by jury in this action pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Respectfully,

**CHRISTOPHER C. MYERS & ASSOCIATES**

/s/ David W. Frank
David W. Frank, #31615-02
Christopher C. Myers, #10043-02
809 South Calhoun Street, Suite 400
Fort Wayne, IN 46802-2307
Telephone: (260) 424-0600
Facsimile: (260) 424-0712
E-mail: dfrank@myers-law.com
Counsel for Plaintiff, Mr. Jason Dove